**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-50-JHP** |
| | ) | |
| **GRANT ANDREW STOUT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER AND OPINION**

Before the Court is the Defendant, Grant Andrew Stout's Objections [Doc. No. 45, ] to the

Report and Recommendation [Doc. No. 44] of United States Magistrate Judge Frank H. McCarthy

regarding Defendant Grant Andrew Stout's Motion to Quash Statement and Evidence Due to Illegal

Arrest [Doc. No. 28].

**BACKGROUND**

This matter was initially referred to the Magistrate Judge on May 24, 2010, pursuant to Fed.

R. Crim. P. 59(b)(1) and 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge conducted an evidentiary

hearing regarding this matter on June 9, 2010, and issued his Report and Recommendation

recommending that Stout's Motion to Quash be denied on June 11, 2010.

On June 25, 2010, Stout filed objections to the Magistrate Judge's Report and

Recommendation. Stout makes five specific objections: (1) he objects to the Magistrate's finding

that the informant was reliable; (2) he objects to the "Magistrate's determination that mistakes

regarding Defendant's prior criminal convictions does not affect the reliability of the affidavit"; (3)

he objects to the Magistrate's determination that the information supporting the affidavit was not

stale; (4) he objects to the Magistrate's finding that the good faith exception applies; and (5) he objects to the magistrate's finding that the Defendant's detention did not constitute an arrest.

## DISCUSSION

### A.      Reliability of the Informant

Stout argues the Magistrate Judge's determination that the information provided by the informant was reliable is "legally and factually inaccurate." [Doc. No. 45] Stout contends the information received from the informant was insufficient to make a determination he was reliable.

The informant in this case, Brandon Hash, was named in the search warrant affidavit and voluntarily met with police to assist in their investigation.  The Defendant claims the Magistrate Judge only cited one case to support his conclusion that "when an informant is named, a lesser degree of corroboration is required than if the informant is a confidential informant;" however, the law the Magistrate Judge relies on is well settled.  *See U.S. v. Jenkins*, 313 F.3d 549, 554-555 (10th Cir. 2002) (Where an informant gave his first name and attended two face-to-face meetings the court concluded he "placed his anonymity at risk" such that a "reasonable person in such circumstances would realize that in all likelihood the police could, if they so chose, determine the person's identity, and could hold him responsible if his allegations turned out to be fabricated."); *Easton v. City of Boulder*, 776 F.2d 1441, 1449-1450 (10th Cir. 1985)("the ordinary citizen who has never before reported a crime to the police may, in fact, be more reliable than one who supplies information on a regular basis.")

Further, the Magistrate Judge properly found the circumstances in this case warranted a finding that the informant was reliable.  Hash, the informant, knows the Defendant and had lived next door to him for about a year at the time of the search warrant.  Hash gave information to the

affiant which was independently corroborated by the affiant such as his animosity towards attorney Tim Wantland.  Hash also agreed to allow the investigators to record his telephone conversation with Stout in order to corroborate the information he was providing.

Having examined the Magistrate's findings and conclusions, the Court is satisfied that the Magistrate applied the correct legal standard to the facts, and the Court agrees with the Magistrate's conclusion that the information obtained was reliable.

**B.**     **Inaccuracies in the Search Warrant Affidavit**

Stout argues the Magistrate Judge improperly found the numerous inaccuracies in the Search Warrant Affidavit were neither intentional nor made in reckless disregard for the truth, and therefore, do not invalidate the warrant.  The Magistrate Judge also found the testimony of investigator John Singer, the affiant on the search warrant, to be credible. The Defendant contends that, because the search warrant was issued based upon an affidavit containing numerous factual inaccuracies, the search warrant is invalid.  The Magistrate Judge rejected this argument.

In one paragraph of the search warrant which discusses the affiant's examination of online court records, the affidavit states the affiant "confirmed that Grant <u>Scott</u> was convicted of the felony crimes of possession of a controlled substance and eluding a police officer on August 16, 2006 . . ." (Emphasis added) The Magistrate Judge noted in his Report and Recommendation that at the evidentiary hearing, Investigator Singer testified that the name Scott was a typographical error and should have read "Stout" as does the rest of the affidavit.  The affidavit is also inaccurate in stating Scott/Stout has a prior felony conviction for possession of a controlled substance, as this was a misdemeanor conviction.  The Magistrate Judge notes in his report, however, that Investigator Singer testified that this inaccuracy was due to the fact that the Oklahoma Department of Corrections

usually does not report misdemeanors so he simply misread the report.  Stout does have a prior

felony conviction for eluding a police officer.  After reviewing the search warrant affidavit and the

audio recording of the evidentiary hearing, this Court agrees with the Magistrate Judge that the

errors in the affidavit are harmless as it is clear that the affiant meant to identify Stout.  Further, this

Court agrees with the Magistrate that "disregarding the inaccurate information, the issuing Judge

had probable cause to issue the warrant."

This Court has also reviewed the audio recording of the testimony of Investigator Singer

from the evidentiary hearing and finds no reason to disagree with the Magistrate Judge's conclusion

that Singer's testimony at the suppression hearing was credible.  This Court finds reasonable

Investigator Singer's explanation regarding the differences in his testimony from the preliminary

hearing regarding whether he had probable cause to request an arrest warrant.  Although

Investigator Singer testified he lied to his supervisor and went through great lengths to cover up a

car accident he had in his police issued vehicle approximately 10 years ago[1], this Court does not feel

this information is sufficient to find his entire testimony to be any less credible.

**C.**      **Stale Information**

The Defendant further objects to the Magistrate's determination that the information

contained in the affidavit regarding the Defendant's possible possession of firearms was not stale.

The Magistrate Judge found that "federal firearms violations are considered to be continuing

offenses, therefore the mere passage of time is not of critical importance."[2] [Doc. No. 44] The

---

[1]Investigator Singer testified at the evidentiary hearing this incident took place while he was a probationary officer between 1999 and 2001.

[2]The Magistrate Judge cited *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir. 1995) and *United States v. Lester*, 285 Fed.Appx. 542, 546 (10th Cir. 2008) in support of this conclusion.

Magistrate Judge found the affidavit contained information regarding Stout's continuing possession

of guns which ranged over a period of months.  As such, the Magistrate found the information in the

affidavit was not stale.  This Court agrees. The Magistrate applied the correct legal standards to the

facts in the affidavit, therefore, the Court sees no reason to depart from the Magistrate's analysis.

**D.      Good Faith Exception**

Stout objects to the Magistrate Judge's finding that the good faith exception established in

*United States v. Leon*, 468 U.S. 897 (1984), is applicable to the facts of this case.  This Court finds

the Magistrate Judge properly concluded this is not a case where exclusion of the evidence will deter

police misconduct.  This Court has already adopted the Magistrate Judge's findings that Investigator

Singer's mistakes in the search warrant affidavit was neither intentional nor done in bad faith.  As

such, this Court adopts the Magistrate's findings that even if the affidavit was insufficient to provide

probable cause, the evidence should not be suppressed because the good faith exception applies in

this case.

**E.      Detention of Stout**

The Defendant further objects to the Magistrate's finding that the detention of Stout did not

constitute an illegal arrest, therefore, there was no basis for suppressing the statements made by

Stout during this detention.  Stout argues that the circumstances of his detention indicate his

detention was an unreasonable.  Stout argues that at the evidentiary hearing, Officer Cox testified

Stout was asked to get on his knees as soon as he came out of the house and "up to ten different law

enforcement officers" pointed "AR-15 type rifles and shotguns" at Stout. [Doc. No. 45] Stout was

then handcuffed and detained.  Stout argues this is not a "reasonable" search and seizure within the

parameter of the Fourth Amendment.  However, as the Magistrate Judge cited, "a warrant to search

5

for contraband on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is being conducted. *Michigan v. Summers*, 452 U.S. 692, 705 (1981)." [Doc. No. 44]

Although Stout complains that the manner in which he was detained was unreasonable, the Supreme Court recently addressed this issue in *Muehler v. Mena*, 544 U.S. 93 (2005). *See also United States v. Sanchez*, 555 F.3d 910 (10th Cir. 2009).  In *Muehler*, the police obtained a warrant to search the house of a suspected gang member who they suspected had participated in a drive-by shooting. *Id*. at 95.  The warrant authorized officers to search for deadly weapons and evidence of gang membership.  *Id.* at 95-96.  In executing the warrant, SWAT team officers awakened one of the occupants of the house at gun point and handcuffed her. *Id*. at 96.  Three other people located in trailers in the backyard were also handcuffed and detained.  *Id*. at 107.  Each of the "detainees" were moved to a converted garage, where they were held in handcuffs for the duration of the search. *Id*. at 96.  Mena, one of the detainees, sued the officers who supervised the execution of the warrant under 42 U.S.C. §1983, claiming that she had been "detained for an unreasonable time and in an unreasonable manner", in violation of her Fourth Amendment rights.  The Court disagreed holding the detention was reasonable.   The Court held "that officers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted." *Id.* at 98. "Such detentions are appropriate ... because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial...." *Id*. (Internal quotations omitted)

In this case the police officers were executing a warrant anticipating the Defendant would have firearms, pipe bombs, and potentially other explosives.  He was detained so the search warrant

could be executed keeping in mind the safety of the officers and the Defendant.  Further, as the

Magistrate Judge noted, the Defendant was read his *Miranda* rights before he made any arguably

incriminating statements.  Officer Cox testified at the evidentiary hearing that before reviewing the

*Miranda* rights with the Defendant he confirmed that Stout had graduated high school, could read

and write, and was not under the influence of any drugs or alcohol.

For these reasons, this Court finds, the Magistrate Judge appropriately found the detention

of Stout was reasonable and as such there was no basis for suppressing any of the statements he

made to the police.

**CONCLUSION**

After carefully reviewing both the Report and Recommendation and the record in this case,

the Court concludes that the Report and Recommendation correctly applies the law to the facts of

this case in a thorough and well-reasoned manner.  The Court therefore **AFFIRMS** and **ADOPTS**

the Report and Recommendation as the findings and order of this Court.  For the reasons stated

therein, and as set forth above, Defendant Grant Andrew Stout's Objections to the Report and

Recommendation [Doc. No. 45] are **OVERRULED**. Defendant's Motion to Quash [Doc. No. 15]

is therefore **DENIED**.

**IT IS SO ORDERED**

James H. Payne
United States District Judge
Northern District of Oklahoma